"This tax case is before us on defendant’s motion for summary judgment. Plaintiff is a woman, a Spanish national, who has never emigrated to the United States nor been resident here. Before 1975, the tax year involved, she married James L. Minor, Jr., a citizen of the United States and domiciliary of Kentucky, who was a member of the U. S. Armed Forces. The marriage, she says, was 'consummated’ in Spain (she probably means performed) and there was no agreement concerning property rights. She says that her husband’s pay is community property and half of it belongs to her; therefore she claims refund of the income tax defendant assessed and collected on her half. Since defendant does not argue otherwise, we assume plaintiff has filed an adequate claim for refund and is the proper person to prosecute the suit.
"She attached to her petition and relies on a purported translation of the applicable Spanish statutes, Arts. 1315 and 1325 of the Spanish Civil Code. By Art. 1315 all marriages are contracted under the legal system of community property, unless the parties make a prenuptial agreement to the contrary. Art. 1325 prescribes a further exception. If, in a foreign country a Spanish male marries a foreign female, without pre-nuptial agreement, the marriage comes under the ,community property system, but if a Spanish female marries a foreign male, 'the marriage will come under the general law in the country of the husband.’ Plaintiff does not contend that Kentucky is a community state. She says that Art. 1325 has no application because the marriage was performed in Spain. Clearly, if this is all, it would appear that Spanish law does indeed impute half of the husband’s income to the wife, without regard to whether he is or is not domiciled in Spain. He could be just a tourist there, with the same result.
*1055 "Defendant’s motion simply ignores plaintiffs exposition of the Spanish law and on the other hand imputes to plaintiff a contention she does not make, that her husband somehow became domiciled in Spain. This straw man defendant effectively demolishes.
"Rule 125 of this court deals with the determination of foreign law. It states that in determining foreign law, the court may consider any relevant material or source, including testimony. But a question of foreign law is to be treated as a question of law. This does not mean that the court may be denied both the help of testimony, as was mandatory under old law, and the briefing and arguing that is customary when it is a matter of domestic law. We know what plaintiff thinks the Spanish law demands. We are entitled to know what defendant’s views in the premises are. Plaintiff has raised an important issue in the administration and scope of the internal revenue laws. She cites an unpublished Tax Court decision defendant doubtless knows all about. We are not required to research all these matters unaided.
"There ■ may be relevant provisions of the Status of Forces agreements. If Spain really claims that the marriage of an American serviceperson, performed in Spain, to a Spanish national, regardless of domicile, automatically and by itself removes half the serviceperson’s pay from American to Spanish taxing jurisdiction, that would appear at first blush to be a serious matter that we should not decide on the basis of inadequate information.
"Plaintiff obviously cannot come here to try her case, in which she appears pro se. The refund she claims is only $294.02, before interest. If defendant can disclose its knowledge of the matter, and its views, fully and candidly, perhaps we can decide the case fairly without appointing counsel to represent plaintiff without charge to her.
"Defendant’s motion for summary judgment is denied without prejudice to a new one prepared in accordance with the foregoing opinion.”