This pro se personal income tax case comes before the court without oral argument on the parties’ cross-motions for summary judgment. Plaintiff brings suit for the recovery of income taxes paid on the income earned by her husband in Spain in 1975. She is a Spanish national, who has resided in Spain her entire life. Her husband, whom she married in Spain in 1972, is a United States citizen; he regards the United States as his permanent home and is apparently domiciled in Kansas, a noncommunity property state. He is a member of the United States Navy and performed his duties in Spain in 1975. Mrs. West claims that under the Spanish Civil Code,[1] if two parties enter into *678 a marriage in Spain with no antenuptial agreement, the marriage is subject to the community property laws of Spain. It is her theory that since the income earned by her husband in 1975 for services performed in Spain is non-United States source income (I.R.C. § 862(a)(3) and she is a nonresident alien who was married in Spain without any antenuptial agreement, her half share of her husband’s 1975 income is nontaxable.[2]
The defendant contends that community interests in income are determined by the law of the domicile of the earner of the income rather than by the matrimonial domicile and that plaintiffs husband is a domiciliary of the United States. However, for the year 1975 (see note 2, supra) the determinative issue is the ownership of the income, and that is decided under local law. United States v. Mitchell, 403 U.S. 190 (1971); Poe v. Seaborn, 282 U.S. 101 (1930). The domicile of the wage earner is relevant only to the extent that it determines the ownership of the income. In Santiago v. Commissioner, 61 T.C. 53 (1973), aff'd per curiam, 75-1 U.S.T.C. ¶9273 (D.C. Cir. 1975), the taxpayer, a United States citizen, worked for the United States Government in Spain; he also had married a Spanish national, but in Gibraltar. The court was of the view that he was domiciled in Spain, though it did not need to decide the point, given Spanish law in regard to the ownership of the income. Under Article 1325 of the Spanish Code,[3] the community property provisions of Spain were not applicable to the taxpayer and his wife, since the article provided that, in the absence of an agreement, when a noncitizen of Spain married a Spanish woman outside of the country, the system of law in force in the husband’s country was applicable instead of the Spanish community property laws. There was no Federal community property law, nor did New York State, with which the taxpayer had *679 the most contacts, have any community property system. Therefore, the taxpayer could not report only one-half of the gross income he realized, but rather was obliged to report it all.
In the case before us, the defendant has made no attempt to refute the plaintiffs contentions on applicable Spanish law concerning community property; plaintiff has supplied the court with a certified translation of Article 1315, which supports her position that she has a half interest in her husband’s earnings. Therefore, we feel entitled to find that the income earned by the plaintiffs husband is subject to the community property laws of Spain.[4] We note en passant Rev. Rui. 68-81, 1968-1 C.B. 40, which states that "A study of current authorities on the subject and an analysis of cases in related areas supports [sic] the position that each spouse, under the Community Property Law of Spain, has a present vested interest in one-half of the community property, including the income earned by each.” See also Solano v. Commissioner, 62 T.C. 562, 564 (1974). The ruling concluded that one-half of the income earned by the wife, a United States citizen working in Spain for the United States Government and domiciled in Spain, who was married to a Spanish husband, was taxable to the wife. Cf. Crespo v. United States, 185 Ct. Cl. 127, 399 F. 2d 191 (1968). Similarly, in Rev. Rul. 56-269, 1956-1 C.B. 318, it was held that a nonresident alien wife was not liable for income taxes on her share of income paid by the United States Government to her husband, who was performing personal services outside of the United States but was a United States citizen and a domiciliary of a community property state. The nonresident alien wife’s share of the income was income from without the United States and was not subject to the income tax.
*680 Since the plaintiff is a nonresident alien, she is entitled to exclude from gross income her share of the income earned by her husband outside of the United States. See I.R.C. §§ 862(a)(3), 872(a); Solano, supra, 62 T.C. at 568.
IT IS THEREFORE ORDERED AND CONCLUDED that the plaintiff’s motion for summary judgment is granted, that the defendant’s motion therefor is denied, and that the plaintiff is entitled to a refund of $611.82, plus interest as provided by law.

 The certified translation of the Spanish Civil Code provided by the plaintiff reads as follows:
ARTICLE 1315. Persons to be married can draw up their marriage articles before the celebration of said marriage, stipulating the conditions of the conjugal society, in regard to present and future property, with no other limitations than those set forth in this Code.
In the absence of said contract regarding property, it will be understood that the marriage is contracted under the legal system of — community property.
ARTICLE 1325. If marriage is contracted in a foreign country between a Spanish *678 husband and a foreign wife or a foreign husband and a Spanish wife, and no declarations or stipulations are made regarding property, it will be understood that when the Spanish party is the husband, the marriage comes under the community property system, and when the Spanish party is the wife, the marriage will come under the general law in the country of the husband; the aforesaid does not effect [sic] what is established in this Code regarding real property.

 I.R.C. § 879(a)(1), which would appear to cover factual situations such as the one in the present case is applicable only to taxable years beginning after December 31, 1976. Under that provision, all of the earned income is attributed to the spouse who rendered the personal services notwithstanding any community property laws.

 See note 1 supra. The translation appearing in the Tax Court opinion does not appear to differ substantively from the one supplied by the plaintiff in the present case.

 The facts of this case appear to be substantially equivalent to those of Minor v. United States, 215 Ct. Cl. 1053 (1978); that case was before the court on the defendant’s motion for summary judgment, which was denied without prejudice because of the defendant’s failure to brief Spanish law. That case also was a pro $e case, involving only $294.02 before interest. We noted in our order our displeasure with the defendant’s refuting a contention that the plaintiff never made instead of confronting the legal issues. The defendant here again ignores the issue of Spanish law, contending instead that the domicile of the income owner is dispositive, even though the Government must have been familiar with our prior order in which we indicated our desire for further information on Spanish law (the order is cited in defendant’s brief). In view of this failure to brief the applicable Spanish law, we feel entitled to decide the question in favor of the plaintiff, even though her submissions are pro se and it would otherwise be desirable to have more information.